[Civ. No. 5717. Third Appellate District.—June 3, 1937.]

FRANCES K. OTTO, Appellant, v. TIMOTHY A. REARDON, as Director of Industrial Relations, etc., et al., Respondents.

Murle C. Shreck for Appellant.

U. S. Webb, Attorney-General, and Ralph H. Cowing, Deputy Attorney-General, for Respondents.

THOMPSON, J.—This is an appeal from a judgment which was rendered pursuant to an order sustaining a demurrer to the petition for a writ of *mandamus*, without leave to amend.

The amended petition for a writ of *mandamus* alleges that the appellant holds a permanent civil service status in the state of California as "Senior Stenographer Clerk" in the Division of Industrial Welfare, as regularly classified by the board June 25, 1931; that the duties of this office required her, "Under supervision, to take shorthand notes from dictation and accurately to transcribe them on a typewriter; to do general typing, and difficult clerical work of a varied nature, and to do other work as required"; that the appellant performed the foregoing services until December 4, 1931, at which time "the duties of petitioner's position, . . . were changed by respondents so *that they differed substantially*" from the duties prescribed for a senior stenographer clerk; that at all times after December 4, 1931, to September 1, 1935, "the duties of petitioner's position" were those which are set out in exhibit "A" attached to the petition.

There is no allegation in the petition for a writ of *mandamus* that the position of senior stenographer clerk was ever reclassified or changed by any designation other than the one named. There is an allegation that the *duties* of senior stenographer clerk were changed in 1931 to include the activities "set forth in the schedule . . . marked Exhibit 'A' ". There is no allegation that the petitioner ever performed any of the duties set forth in that schedule. There is no allegation that she was ever required to or did take an

examination to ascertain her qualification for the alleged new duties involved in those which are enumerated in schedule "A", or that she was ever placed on an eligible list for such promotion. It does not appear when or how schedule "A" was adopted, or that it was ever adopted by the civil service commission or by any lawful agency thereof. A comparison of the duties of senior stenographer clerk as alleged and heretofore quoted with those enumerated in schedule "A" clearly indicates that the latter contemplates an entirely different service from and higher classification than the former. The duties included in schedule "A" are radically different, higher in classification and accompanied by far greater responsibilities than those of a senior stenographer clerk. To be transferred from the latter to the former would certainly constitute a promotion of the employee. The law is definite and imperative to the effect that such promotion may not occur without an examination, entitling one to be placed on the eligible list.

A cursory examination of the duties required under schedule "A" shows that it applies to a more advanced and important office, requiring great ability and experience with increased and grave obligations. It would obviously be destructive of the very principles upon which the civil service system is founded to promote one from the position of senior stenographer clerk to that of a supervisor of an entire department of state service which is contemplated by the provisions of schedule "A" without an examination as to the qualifications of the candidate therefor.

Schedule "A" apparently designates the duties which are to be performed by a supervisor of the entire San Francisco office of the Division of Industrial Welfare, under the direction of the chief of that division. That schedule is divided into two parts applicable to supervisors and secretaries of the Division of Industrial Welfare. These two headings are subdivided into approximately fifty separate and important designations of duties assigned to such officers, including the directing of the work of employees, enforcement of law, accounting for division departments, custody of records, attending meetings of state officers and reporting the proceedings, conferring with the attorney-general concerning law problems, making public talks, supervising official correspondence, preparing reports for federal and state officers,

furnishing data for desired legislation and for meetings of the commission, supervising the preparation of data for the survey of the cost of living, preparing and issuing orders governing conferences of wage boards, drafting reports for the state printer, reporting hearings on minimum wage investigations, and inspection of establishments.

It is unreasonable to hold that an individual who has attained a civil service status as senior stenographer clerk is entitled to an automatic transfer to the position of supervisor which is included in schedule ''A'' without experience or service in the Division of Industrial Welfare and without even a previous examination as to qualifications or fitness therefor. A mere statement of the claim of the petitioner to the effect that she is automatically entitled to that change of position seems to be an entire answer to her contention.

The petitioner claims that she is entitled to perform the services enumerated in schedule ''A'' upon the mere allegation that the duties of her position as senior stenographer clerk ''were changed . . . so that they differ substantially from the duties [originally] prescribed''. Her claim is founded on article XXIV, section 5 (d) of the Constitution as adopted on November 6, 1934, which reads:

''All persons other than temporary appointees heretofore serving in the State civil service shall continue to so serve without change of class or grade of position heretofore acquired save as such class or grade may be changed by said board in the exercise of its powers herein conferred or as may be hereafter provided by law.''

The same constitutional amendment also provides, in section 5 of said article, subdivisions (b) and (c):

'' (b) All laws relating to the State civil service are continued in force in so far as not in conflict herewith subject to the power of the Legislature to amend or repeal such laws and to enact new laws not in conflict herewith.

'' (c) The rules, regulations, clauses and grades of positions heretofore lawfully adopted by the state officer or agency heretofore administering said laws are continued in force and upon the effective date hereof the same shall become the rules, regulations, classes and grades of positions of the board herein created subject to change by said board in the exercise of its powers herein conferred or as may be hereafter provided by law.''

The foregoing constitutional provisions should be construed to mean that all persons, except temporary employees, who were serving under the state civil service law, prior to the enactment of the constitutional amendment, are entitled to continue to serve "in the *class or grade* of position heretofore acquired", unless that class or grade is changed and reclassified by the board as required by law. Applying that construction to the present case, it merely means that the petitioner is entitled to remain in the class of "Senior Stenographer Clerk", which grade she attained and held at the time of the enactment of the constitutional amendment. It does not mean that she is entitled to be automatically reclassified as a supervisor or secretary to the chief of the Industrial Welfare Division. Even her service in that department would not entitle her to the new classification as supervisor without an examination as required by law. Moreover she does not allege in her petition that she ever performed any such services as are specified in schedule "A".

The petition for a writ affirmatively alleges that rule two, section 2, was adopted by the State Civil Service Commission, including the following provision:

"Whenever the duties of a position which has been previously classified as provided in the foregoing sections of this rule are changed *so that they differ substantially from the duties prescribed* when such position was originally classified, and from the duties of other positions in the subclass and grade with it so classified, the board shall reclassify such position and allocate it to its proper service, subclass and grade. *If such reclassification involves a transfer from one service to another it shall be followed by examination and certification from the eligible list.*"

It may not be presumed the commission contemplated a change of the duties of a senior stenographer clerk to that of a supervisor of an entire division of an important state service. The petition does not allege the service was so reclassified or that the petitioner took the examination for supervisor or that she was placed on the eligible list therefor.

Section 9 of the Civil Service Act (Stats. 1913, p. 1035, 1 Deering's Gen. Laws of 1931, p. 621, Act 1400) provides in part:

"Appointments shall be made from the eligible list most nearly appropriate for the position to be filled, and a new

list shall be created . . . only when there is no appropriate list existing from which appointment may be made. No person shall be appointed under any title not appropriate to the duties to be performed, and *no person shall be assigned to perform the duties of any other position than that which he legally holds, except by consent of the Commission.*"

It is not alleged there were no persons on the eligible list for appointment as supervisor, and it is not alleged the petitioner was performing the duties of that office *with the consent of the commission.*

In accordance with the Civil Service Act, sections 1, 2 and 4 of rule six were adopted by the board providing for the method of establishing a reclassification and subclassification of established positions and the creation of new and additional classes of similar service, with the *proviso* requiring examinations therefor and the placing of successful candidates on the eligible list as heretofore mentioned. Also section 13 of the Civil Service Act, *supra,* provides in part:

"No promotion, transfer or reinstatement shall be made from a position in one class to a position in another class, nor shall a person be transferred to or reinstated in a position for original entrance to which there is required by this act or the rules and regulations thereunder an examination involving essential tests or qualifications different from or higher than those required for original entrance to the position held by such person."

Since it is not alleged that the board has reclassified the position of senior stenographer clerk in which the petitioner is employed, we must assume that the duties of that position have not been substantially changed, for we must presume that the officers of the board performed their duties in conformity with the clear mandate of the law. Rule two, section 3, which was adopted by the board provides in part in that regard:

"Whenever the duties of a position . . . are changed so that they differ substantially . . . the board shall reclassify such position and allocate it to its proper service, subclass and grade."

We must therefore assume that the classification of the duties which were assumed by the petitioner in 1931, and which have been performed by her since that time is that of senior stenographer clerk which she has held during that

entire period and which she is entitled to continue to hold, and that no reclassification is therefore necessary. It may not be said that every change or addition of duties which may be imposed upon an employee requires a reclassification of the position which he occupies. The board has a sound discretion in determining what duties shall be imposed upon an employee in a particular position, and whether the addition of certain duties requires a reclassification of that position. Unless there is a clear abuse of discretion in that regard we may not interfere with the province of the board by means of *mandamus* or otherwise. (*Mann* v. *Tracy*, 185 Cal. 272 [196 Pac. 484].)

The allegations of the petition in this proceeding are entirely inadequate to authorize this court to interfere with the province of the board so as to require it to reclassify the position of senior stenographer clerk so as to include therein the duties of a supervisor or secretary of the division of industrial welfare, as prayed for.

The judgment is affirmed.

Plummer, J., and Pullen, P. J., concurred.