[Civ. No. 7350.   Third Dist.   June 11, 1947.]

LEROY F. TICKNOR, Appellant, v. CITY OF SACRA-MENTO et al., Respondents.

Ralph H. Lewis and Clifford R. Lewis for Appellant.

Everett M. Glenn for Respondents.

SCHOTTKY, J. pro tem.—Plaintiff and appellant commenced an action for declaratory relief in which he sought to have it decreed that he is a member of the classified service of the city of Sacramento and has the status of a civil service employee under the provisions of the charter of the city of Sacramento and the rules and regulations of the civil service commission made pursuant to the charter provisions.

There is no dispute as to the facts which are substantially as follows: Appellant applied to the city of Sacramento for appointment as a police patrolman in July, 1943. At that time there was no civil service list for eligibles for the police department for the reason that, due to the war emergency, candidates had not appeared for examination in sufficient numbers to make an adequate eligible list, and the previous list had been abolished by the civil service board, which board ordered that during the war emergency appointments would be made on a temporary basis. Appellant was interviewed by an employee of the city and also by the chief of police and was given a physical examination by the city physician who found him to be physically qualified for the position. Subsequent to these interviews and physical examination, appellant was on November 16, 1943, appointed as a patrolman in the Sacramento Police Department. On December 28, 1943, appellant was notified by letter from the civil service board that his appointment was of a temporary nature, that he had no civil service status under the charter, and that persons holding such temporary appointments could not remain in the city service after eligible lists had been prepared unless they qualified after competitive tests.

It is conceded that appellant did not take a written examination for the position of police patrolman given pursuant to the rules and regulations of the civil service board and that he was not appointed from an eligible list. It is conceded also that appellant has served in excess of two years as a patrolman, and has received salary increases and vacation with pay.

The trial court found that appellant was the holder of a temporary position, which he held at the pleasure of the city manager, subject to immediate removal therefrom by him without cause; and that within ten days from the posting of an eligible list for the position of patrolman the city manager must terminate the temporary employment of appellant. This appeal is from the judgment entered in accordance with said findings.

The question presented upon this appeal is whether appellant by reason of his appointment, as aforesaid, became a member of the classified service of the city of Sacramento, and entitled to the benefits of a permanent civil service status. In order to properly interpret the questions of law herein involved we must consider the facts in the light of the charter provisions and the rules and regulations of the civil service board applicable to the instant case. Their substance may be summarized as follows:

*Charter section 43* provides that all employees shall be appointed on the grounds of fitness and that "All officers or employees shall be chosen or promoted, whenever a list of eligibles is furnished by the Civil Service Board, from the three candidates standing highest on the list."

*Charter section 49* provides that an appointment shall be complete only after a six months probationary period.

*Charter section 150* provides that police department employees must have certain qualifications and pass a civil service board examination before appointment.

The following rules and regulations of the civil service board are pertinent:

*Section 7* provides for temporary appointments in an emergency for periods not to exceed 60 days or until appointments can be made from an eligible list.

*Section 6* provides that the appointing power must terminate a temporary appointment within 10 days after posting of an eligible list.

*Section 12* provides that appointments shall not be complete until after a six months probationary period.

*Section 13* reads in part as follows: "All requisitions for appointments in all branches of the classified service, whether temporary or permanent, where no eligible list is had, must be approved by the Chairman of the Board before person is appointed or consent to appointment given. . . ."

On October 20, 1942, the civil service board passed the war emergency resolution in question reading in part as follows:

"Now, THEREFORE, BE IT RESOLVED that upon appointment by a department head and the City Manager, the Civil Service Board may consider approval of temporary appointments to positions for which eligible lists are inadequate, and

"BE IT FURTHER RESOLVED that no Civil Service status is to accrue to the benefit of temporary appointees made under such conditions, and

"BE IT FURTHER RESOLVED that at such time as City employees receive such temporary appointments, such employee shall be so notified and/or sign the temporary appointment."

Appellant contends that his appointment, being regularly made pursuant to the charter and the civil service board rules, entitles him to a civil service status and upon serving for the probationary period he acquired a permanent civil service status. In support of this contention appellant relies upon rule V, section 13, above quoted, which he argues provides for temporary or permanent appointments where there is no eligible list, and he argues further that an appointment thereunder is temporary in its inception but becomes permanent if extended beyond the 60-day period with the consent of the board. Respondents in reply contend that the appointment of appellant falls under rule V, section 7, providing for temporary emergency appointments for "periods not to exceed 60 days or until appointments can be made from an eligible list." Respondents contend further that in any event the appointment was temporary originally, and cannot ripen into a permanent status by mere lapse of time or length of service.

In determining the question involved upon this appeal all of the provisions of the charter and all of the rules and regulations of the civil service board bearing upon the questions of how employees become members of the civil service must be considered. Section 43 of the charter provides that all employees shall be appointed on grounds of fitness and shall be chosen from an eligible list furnished by the civil service board. Section 49 of the charter provides that such an appointment shall be complete or permanent only after a six months probationary period. Section 150 of the charter provides that police department employees shall pass a civil service board examination before appointment. It is clear to us from these provisions that the intent is that any appointment that may ripen into a permanent civil service rating must be one that is made from a list of eligibles furnished by the civil service board and of a person who has passed the examination given by such board. Otherwise the whole structure of the civil service law would be broken down and its effectiveness destroyed.

None of the cases cited by appellant supports his position. In the case of *Nilsson* v. *State Personnel Board,* 25 Cal.App.2d 699 [78 P.2d 467], the chief question before the court was whether or not the petitioner had completed his probationary period. Nilsson had been appointed originally when there was

no eligible list, but afterwards took the examination given by the board and was placed on the eligible list. There was some confusion in the records of the board as to what his status was, but the trial court found that he had been the lawful holder of his position for more than six months and had obtained civil service status. There is nothing in the Nilsson case to even remotely suggest that Nilsson could have acquired civil service status without having passed the examination and been placed on the eligible list.

The case of *McGillicuddy* v. *Civil Service Commission*, 133 Cal.App. 782 [24 P.2d 942], also relied upon by appellant, merely holds that McGillicuddy and others who were regularly appointed by the civil service commission of the city of San Francisco from a civil service eligible list could not be prevented by the commission from acquiring permanent civil service status by erroneously designating their appointments as temporary.

The recent case of *Campbell* v. *Board of Civil Service Commissioners of City of Los Angeles*, 76 Cal.App.2d 399 [173 P.2d 58], in which a hearing was denied by the Supreme Court, is very similar in point of fact to the instant case. Due to the manpower shortage caused by the war emergency, an ordinance was adopted providing for temporary appointments where there was no appropriate civil service list. The petitioner received such a temporary appointment under circumstances quite similar to those under which appellant received his appointment. The appointment was understood by the petitioner, the police department and the commission as a temporary one, just as was the appointment of appellant in the instant case. In affirming the judgment of the trial court that the petitioner had not acquired civil service status, the court said at pages 404-405:

"It appeared from the evidence that plaintiff took no examination in which he competed against other applicants, was given no ranking in accordance with his determined excellence, and was not placed upon an eligible list or certified for appointment in accordance with the procedure outlined in section 100 of the charter. The tests and the instruction which he took were not intended to be a substitute for those which pertained to the regular civil service procedure. His examination was not competitive except in the sense that he was endeavoring to and did receive a passing I. Q. rating of 90 out of a possible 138. His appointment depended only

upon his passing the medical examination and receiving a passing grade in the mental ability test.

"The methods prescribed by charter for the making of appointments in the civil service are mandatory and controlling. (*Campbell* v. *City of Los Angeles,* 47 Cal.App.2d 310, 313 [117 P.2d 901]; *Heard* v. *Board of Administration etc. of City of Los Angeles,* 39 Cal.App.2d 685, 695, 698 [104 P.2d 47]; *Pinion* v. *State Personnel Board,* 29 Cal.App.2d 314, 317, 319 [84 P.2d 185]; *Nash* v. *City of Los Angeles,* 78 Cal.App. 516, 519, 520 [248 P. 689].) No power reposed in the city council, the board of civil service commissioners or the police department to adopt methods of appointment different from those prescribed by the charter, nor could the essentials of the charter requirements have been dispensed with by ordinance. But there was no attempt to dispense with them. It was the inability to fill positions through the regular civil service channels which brought about the scheme of war emergency appointments. Plaintiff accepted such an appointment well understanding that it was temporary, only, and that his continued service would not result in his appointment becoming permanent. But he contends that it was not within the power of the city council to thus continue his temporary employment, for the reason that it was limited by the charter to 60 days. We understand his argument to be that the ordinance, in so far as it gave a fixed and continuing temporary status to his employment, was in conflict with the charter and void, and that when the period of 60 days, as limited by the charter, had expired he became a probationary employee and, at the expiration of six months of service, a permanent employee, subject to discharge only for cause. We are unable to agree with this contention. In the first place, while the charter provides for the making of temporary appointments to positions within the classified civil service, such appointments are in reality only temporary expedients preliminary to the positions being filled through the established procedure. The appointments do not make the appointees qualified civil service employees or members of the civil service system, which can be entered only through successful competitive examination, certification and appointment. The ordinances only relieved the board and the head of the police department from making successive appointments of 60 days each until examinations could be held and eligible lists created in accordance with the civil service pro-

visions of the charter. We find no conflict between the ordinances and those provisions, but as we consider plaintiff's argument we cannot see how it leads to the conclusion that invalidity of the ordinance would bring about a change in the temporary character of his employment. Had it not been for the continuation, under the ordinance, of his employment beyond the original 60-day period, his status as an employee, instead of being a permanent one, would have been without a legal basis and would have terminated 60 days after it was made.

"We find no support for the claim that plaintiff has been appointed or has acquired a status in the classified civil service other than as a temporary employee whose appointment may be terminated at any time."

In view of the foregoing we are convinced that appellant could not, under the provisions of the city charter of the city of Sacramento and the rules of the civil service commission, acquire permanent civil service status without taking and passing an examination, and being appointed from a civil service eligible list. The trial court correctly determined that appellant did not become a permanent civil service employee of the city of Sacramento.

The judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.

A petition for a rehearing was denied July 8, 1947, and appellant's petition for a hearing by the Supreme Court was denied August 7, 1947.