[Civ. No. 31574.   Second Dist., Div. Three.   Aug. 5, 1968.]

DAVID V. GALE, Plaintiff and Respondent, v. STATE BOARD OF EQUALIZATION, Defendant and Appellant.

---

*Assigned by the Chairman of the Judicial Council.

Thomas C. Lynch, Attorney General, Neal J. Gobar, David S. Sperber and Mario A. Roberti, Deputy Attorneys General, for Defendant and Appellant.

Enright, Elliott & Betz, Norman Elliott and Michael J. Fitzpatrick for Plaintiff and Respondent.

SHINN, J.*—David V. Gale sued the State Board of Equalization for refund of motor vehicle transportation license taxes paid to defendant. After appearance by the defendant each party made a motion for summary judgment. The court granted plaintiff's motion, reconsidered its ruling upon motion of defendant, again granted the motion of plaintiff and denied the motion of defendant. Defendant appealed.

Plaintiff is the operator of trucks; he buys aggregate from wholesalers and delivers it by truck to his customers. The basis of his claim is that the nature of his operation is such as to exempt him from the liability for license taxes which the defendant exacted pursuant to sections 9603 and 9603.3 of the Revenue and Taxation Code. The trial court agreed with this contention.

The manner in which plaintiff conducts his business was described in the complaint, and it was described in plaintiff's declaration in support of his motion for summary judgment as set out below:

"That as to each of the transactions covered by the complaint in this action, the pattern was the same: 1. When one of my customers needed a supply of particular quantity of aggregate, someone from the Company would orally contact me. All purchases were at delivered prices, which prices are generally fixed by the large producers such as Consolidated Rock, Blue Diamond or Graham-Livingston in the Los Angeles City and Orange County-Santa Ana areas; prices were orally agreed upon between me and each company who wished to purchase material from me from time to time dependent upon the published or quoted delivered prices of the larger producers, who sold to me and other truck dealers like me at prices fixed at the producer's bunkers. I would

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

then deliver the materials which had been so ordered; I would then bill my customrs each month for the transactions of the previous month by a document substantially similar to Exhibit A attached hereto; upon receipt of the monthly statement, after audit, my customers would pay me the amount due me under the monthly billing by check payable to me; 2. That my customers had no obligation for the payment of the materials so purchased from me, except to me; that my customers did not own the materials until possession was delivered by me to my customers' plant, nor did my customers have any risk of loss or destruction of the materials until possession was delivered to my customers by me; 3. That at no time did I make a separate charge to my customers for transportation.''

Defendant did not deny that the business of plaintiff was conducted as described, but it pleaded and produced an order of the Public Utilities Commission in a proceeding to which Gale was a party and relied upon the order as a conclusive determination of facts which would necessarily defeat plaintiff's claim to an exemption. The question on the motions was whether the findings and order of the Public Utilities Commission operate to estop plaintiff from asserting his claim that he is exempt from paying the license taxes.

We have concluded that the defense of res judicata must prevail, and that the order should be reversed.

The former proeeceding was for the adjudication of a controversy between truckers, including Gale, and the commission relative to the obligation of the truckers to charge minimum legal rates as highway carriers.

The claim of liability for the charges was based upon section 3511, subdivision (c) of the Public Utilities Code which read, in material part: '' 'Highway carrier' means every corporation or person, their lessees, trustees, receivers or trustees appointed by any court whatsoever, engaged in transportation of property for compensation or hire as a business over any public highway in this State by means of a motor vehicle, except that 'highway carrier' does not include: . . .

''(c) Persons or corporations hauling their own property.''

The order of the commission read in part: ''[W]e find under the circumstances of this case that there was no vesting of ownership such as is contemplated by Section 3511(c) of the Public Utilities Code; that the claimed ownership of the property here in issue was not bona fide but was merely ostensible; that the arrangements which are claimed to have

resulted in such ownership were effected for purposes of accommodation only. . . ."

Pertinent provisions of sections 9603 and 9603.3 of the Revenue and Taxation Code are the following: "'Operator' includes:

"(a) Any person engaging in the transportation of persons or property for hire or compensation by or upon a motor vehicle upon any public highway in this State, either directly or indirectly."

Section 9603.3 of the Revenue and Taxation Code provides as follows:

"'Operator' does not include any of the following:

"(a) Any person transporting his own property in a motor vehicle owned or operated by him unless he makes a specific charge for the transportation. This subdivision does not in any way limit any other exemption granted by this section."

The operations of the truckers in the former proceeding did not differ from those of plaintiff involved in the instant case. The truckers claimed exemption as owners of the property they transported. Other portions of the order explain the commission's reasons for rejecting the truckers' claim of ownership which would entitle them to an exemption.

A petition for review of the order of the commission was filed with the Supreme Court by parties to the proceeding, other than Gale, and it was denied.

It is well settled that such orders are conclusive determinations which cannot be questioned by the parties to the same in other proceedings. In *People* v. *Western Air Lines, Inc.*, 42 Cal.2d 621 [268 P.2d 723], the court held that a determination of the Public Utilities Commission within its jurisdiction which has had the approval of the highest courts, state and federal, should have the conclusive effect of res judicata where the issues involved are again brought in question in subsequent proceedings between the same parties and the court said further: "[T]he denial by this court of a petition for review of an order of the commission is a decision on the merits both as to the law and the facts presented in the review proceedings." (See also *Isenberg* v. *California Emp. Stabilization Com.*, 30 Cal.2d 34, 38, 41 [180 P.2d 11].)

Plaintiff asserts that the finding of the Public Utilities Commission was that the truckers were not bona fide owners "within the meaning of section 3511(c) of the Public Utilities Code," and cannot be given the effect of res judicata insisted upon by the board. Plaintiff relies upon the decision in *Solari*

v. *Atlas-Universal Service, Inc.*, 215 Cal.App.2d 587 [30 Cal. Rptr. 407], in resisting the claim of res judicata and as support for his argument that a holding that he is not an owner under section 3511, subdivision (c) Public Utilities Code does not mean he is not an owner within the meaning of sections 9603 and 9603.3 of the Revenue and Taxation Code. The *Solari* case is not in point. It denied conclusive effect to a finding of the Industrial Accident Commission that *Solari* did not suffer an injury to his head which he later sought to prove in an action for damages. The jurisdiction of the commission was limited to findings as to injuries that affect the ability to work and the findings could not be given effect to bar a claim for pain and suffering due to a head injury. The finding of the commission was in excess of its jurisdiction.

The nature of the ownership of hauled material essential to give a trucker exemption from being treated as a highway carrier as defined by said section 3511, subdivision (c) and the ownership which entitled him to an exemption from the tax under said sections 9603 and 9603.3 are essentially the same. In each situation the question is whether there is a bona fide ownership and not a mere pretended one.

The commission, if it had been so disposed, could reasonably have found that the truckers had conceived a method of doing business that was legal and yet excused them from charging minimum transportation rates. But plaintiff cannot avoid the consequences of the factual determination of the commission.

Plaintiff argues that the commission reached its conclusion by faulty reasoning; the opinion of the commission discloses that it acted in the belief that plaintiff's operation would have been legal only if conducted "in furtherance of a primary business enterprise other than transportation," whereas this was not the law in California until the adoption of section 3549 of the Public Utilities Code in 1963, after the transactions that are here in question. If the findings of the commission had been challenged in the petition for review upon the ground they were arrived at through a misunderstanding of the applicable laws the question would have been a proper one for decision in that proceeding, but the order is a final determination of a factual question and impervious to attack.

Plaintiff has advanced no sound reason for questioning the conclusive determination of the Public Utilities Commission that operations conducted in the manner employed by plain-

694

tiff in the transactions for which he was here taxed do not qualify one as an owner transporting his own property.

It should be obvious that where the right of a transporter of materials depends upon his ownership of the materials, and upon given facts a constitutional administrative agency determines that his ownership is not bona fide, the determination as to those facts is binding upon him in another proceeding of the nature of that here involved.

The court should have sustained the defendant's plea of res judicata and ruled accordingly.

The judgment is reversed with directions that defendant be permitted to make a new motion for summary judgment and that the same be granted.

Ford, P. J., and Cobey, J., concurred.

On September 4, 1968, the opinion was modified to read as printed above. Respondent's petition for a hearing by the Supreme Court was denied October 3, 1968. Peters, J., was of the opinion that the petition should be granted.