[Civ. No. 29695. First Dist., Div. Two. June 27, 1972.]

EDITH COCHRAN et al., Plaintiffs and Appellants, v.
UNION LUMBER COMPANY, Defendant and Appellant.

COUNSEL

Rawles, Nelson, Golden & Hinkle, Newell Rawles and Patrick M. Finnegan for Plaintiffs and Appellants.

Robert Edmondson and Mark C. Peery for Defendant and Appellant.

OPINION

KANE, J.—Plaintiffs (hereafter Cochrans) brought this declaratory relief action against defendant Union Lumber Company (hereafter Union) asking for interpretation of the timber reservation clause included in a contract of sale and a grant deed. From the judgment entered by the court sitting without a jury both parties appeal.

The relevant facts reveal that on October 23, 1945 Union entered into a written installment contract under which it sold some 196.66 acres of land in Mendocino County to Cochrans. Upon final payment of the purchase price, Union deeded the property to Cochrans on September 19, 1950.

An identical timber reservation clause was included in both the 1945 contract of sale and the 1950 deed, which read as follows: "SAVING, EXCEPTING AND RESERVING to the Seller, its successors and assigns, *all merchantable timber now standing,* growing or being on any of the above described land, together *with the right to remove same at any time hereafter."* (Italics added.)

The trial court concluded that pursuant to said clause: (1) Union reserved the right to remove the merchantable timber at any time in the future, and (2) that the merchantability of the timber was to be determined as of the date of the 1945 contract rather than the 1950 deed.

Cochrans argue that, contrary to the trial court's holding, Union is entitled to remove the reserved merchantable timber only within a reasonable time; and, furthermore, that Union is collaterally estopped from claiming that its rights in the timber were reserved in perpetuity.

In its cross-appeal Union contends that the merchantability of the reserved timber should have been determined as of the later date of the deed, rather than the earlier date of the contract. We discuss the parties' contentions in the order set forth.

## Time for Removal

■ The general law concerning the time within which timber granted or reserved in a deed must be removed can be summarized in the following: If the conveyance fixes the time for removal, the timber must be removed during the specified time. If no time is specified, a reasonable time will be implied. *However, if the deed clearly manifests an intention that the sale or reservation of timber is in perpetuity, then the party who purchases or reserves the timber by such a deed has a perpetual right to remove it* (*Leuthold* v. *Davis* (1960) 56 Wn.2d 710 [355 P.2d 6, 7]; *Franke* v. *Welch* (1969) 254 Ore. 149 [458 P.2d 441, 443]; *R. M. Cobban Realty Co.* v. *Donlan* (1915) 51 Mont. 58 [149 P. 484, 487]).

The California law is in accord. While it emphasizes that where no time has been fixed by agreement it is not reasonable to allow an indefinite time for removal (*Gazos Creek Mill etc. Co.* v. *Coburn* (1908) 8 Cal.App. 150 [96 P. 359]), it apparently permits a perpetual right of removal if the contract plainly and unequivocally discloses such an intent. As the court put it in *United States* v. *State Box Company* (N.D.Cal. 1963) 219 F.Supp. 684, 689: "The general rule is that a conveyance of timber will not be construed as giving a perpetual right unless such an intention clearly appears. Timber contracts specifying no time for removal are ordinarily held to require a removal within a reasonable time (See Annotations, 15 A.L.R. 51, 31 A.L.R. 946, and 71 A.L.R. 144)." (See also 31 Cal.Jur.2d, § 16, p. 739.)

It is elementary that a contract must be so interpreted as to give effect to the mutual intention of the parties so far as the same is ascertainable and lawful (Civ. Code, § 1636); furthermore the language of the contract is to govern its interpretation if the language is clear and explicit and does not involve an absurdity (Civ. Code, § 1638). ■ In the instant case we are not dealing with an agreement which is silent as to the time of removal which would necessitate the implication of a reasonable time. On the contrary, both the contract and the deed are clear and explicit that Union is entitled to remove the timber "at any time" in the future. *Consequently, in accordance with the preceding rules, Union's right to remove the timber under the reservation clause must be held perpetual.*

Cochrans' argument that the restriction of the removable timber to that "now standing" also puts a time limit upon the removal is patently misplaced. It seems obvious that while such language effectively curbs the right of removal to the timber which was merchantable at the valid date of the instrument, it leaves unaffected the time within which the timber so designated may be removed.

## Collateral Estoppel

■ Cochrans' collateral estoppel claim is based upon the fact that prior to the instant suit an *identical reservation* clause was litigated between Union (defendant there) and one Urban, a grantee under a grant deed. In that action (Urban v. Union Lumber Co., Mendocino County Superior Court No. 19988) the court interpreted the words "any time hereafter," to mean that Union could remove the reserved timber only within a reasonable time. Union failed to pursue any appeal in that case; thus the judgment of the superior court has become final. Cochrans assert that the decision in Urban v. Union Lumber Co., *supra,* is determinative of the issue of perpetual right in the instant case. We disagree.

There is much dispute among the authorities as to whether the doctrine of collateral estoppel is applicable in a subsequent action where a stranger to the prior litigation tries to use the doctrine offensively and/or where there are new causes of action, different subject matter and transactions, new title, new interests and/or changed circumstances. A discussion of these questions, although obviously germane to the facts of this case, is not necessary; for such would be merely supportive and ancillary to our conclusion that the issue of collateral estoppel in the case at bench is governed by the overriding policy of law which prohibits application of the doctrine whenever injustice would result.

This important qualification of the doctrine is set forth in section 70 of the Restatement of Judgments which reads as follows: "Where a question of law essential to the judgment is actually litigated and determined by a valid and final personal judgment, the determination is not conclusive between the parties in a · subsequent action on a different cause of action, except where both causes of action arose out of the same subject matter or transaction; and *in any event it is not conclusive if injustice would result.*" (Pp. 318-319; italics added.)

Comment f to this section explains that the determination of a question of law by a judgment in an action *is not conclusive* between the parties in a subsequent action *on a different cause of action,* even though both causes of action arose out of the same subject matter or transaction, *if it would be unjust to one of the parties to apply one rule* of law in subsequent actions *between the same parties and* to apply *a different rule* of law *between other persons.* The conclusion and reasoning of the Restatement find support in *United States* v. *Stone & Downer Co.* (1927) 274 U.S. 225, 235-237 [71 L.Ed. 1013, 1026-1028, 47 S.Ct. 616], and are cited with approval in a number of California cases (see *Louis Stores, Inc.* v. *Department of Alcoholic Beverage Control* (1962) 57 Cal.2d 749, 757 [22 Cal.Rptr. 14, 371

P.2d 758]; *United States Fire Ins. Co.* v. *Johansen* (1969) 270 Cal.App.2d 824, 834-835 [76 Cal.Rptr. 174, 780]; *Pacific Maritime Assn.* v. *California Unemp. Ins. Appeals Board* (1965) 236 Cal.App.2d 325, 333-334 [45 Cal.Rptr. 892]; *Thain* v. *City of Palo Alto* (1962) 207 Cal.App.2d 173, 185 [24 Cal.Rptr. 515]).

Applying the above principles to the instant case, we initially point out that the lower court's decision in Urban v. Union Lumber Co., *supra,* was clearly erroneous. The decision in Urban resulted from the misapplication of *Gibbs* v. *Peterson* (1912) 163 Cal. 758 [127 P. 62]. Gibbs dealt with a conveyance of timber which was expressly to be removed within 10 years. The court in *Gibbs* held that since the instrument provided for removal of the timber within 10 years, the payment of the yearly rental of $200 did not give plaintiff an absolute right to perpetually maintain such timber on the land (p. 766). Therefore, it is apparent that the application of *Gibbs* to Urban, where the deed itself accorded a right of perpetual removal to defendant, was an error.

In view of the facts and principles set forth above, it is indisputable that the instant case is based upon a different cause of action, and that repeated application of the previous wrong decision would result in manifest injustice. This would necessarily follow because the conclusiveness of the Urban decision would be limited merely to cases where Union is a party, but would have no applicability at all where a similar or even identical question would be litigated between other lumber companies and third persons, in which event Union would obviously suffer a competitive disadvantage with respect to other companies in the industry who would remain free to litigate the issue; and, in the light of our holding reached in the case at bench, they would be entitled to a favorable decision. (In support of the principle here expressed, see also: *United States* v. *Stone & Downer Co.; Louis Stores, Inc.* v. *Department of Alcoholic Beverage Control; Thain* v. *City of Palo Alto; Pacific Maritime Assn.* v. *California Unemp. Ins. Appeals Board,* all *supra.*) We conclude, therefore, that the trial court was not collaterally estopped to decide the issue of time for removal of timber in the present case.

### Date of Merchantability

The trial court concluded that the merchantable timber ("all merchantable timber now standing, growing or being on any of the above described land,") was to be determined as of the date of the contract between the parties—October 23, 1945. Union argues in its cross-appeal that this ruling of the court is erroneous and that the deed date—September 19, 1950—controls. We agree.

It is well settled law in California that in the absence of mistake, fraud or other matter affecting the validity of an instrument, and except where collateral matters are involved, a deed executed in consummation of an agreement between the parties merges all prior negotiations and agreements relating thereto; and, with the exceptions noted, the deed becomes the measure of the rights of the parties. Accordingly, where the deed is certain and unambiguous, it must prevail over an inconsistent contract pursuant to which it was executed (*Wing* v. *Forest Lawn Cemetery Assn.* (1940) 15 Cal.2d 472, 479 [101 P.2d 1099, 130 A.L.R. 120]; *Riley* v. *North Star Mining Co.* (1907) 152 Cal. 549, 556 [93 P. 194]; *Palos Verdes Corp.* v. *Housing Authority* (1962) 202 Cal.App.2d 827, 836 [21 Cal. Rptr. 225]; *Johnson* v. *Ware* (1943) 58 Cal.App.2d 204, 206 [136 P.2d 101]; Civ. Code, §§ 1625, 1638, 1639).

In the instant case Cochrans do not claim that the 1950 deed was executed due to fraud or mistake or other matter affecting its validity or which would give rise to reformation. Similarly, no evidence of record has been shown or found which would support a claim for invalidation or reformation of the deed. No testimony or other evidence was offered by Cochrans to support their contention that the phrase "now standing . . ." contained in the deed actually was intended by the parties to refer to a point in time five years earlier. Certainly such evidence, if existent, would have been admissible at least preliminarily (*Pacific Gas & E. Co.* v. *G. W. Thomas Drayage etc. Co.* (1968) 69 Cal.2d 33, 37-41 [69 Cal.Rptr. 561, 442 P.2d 641, 40 A.L.R.3d 1373]). We must assume therefore that the parties considered the language of the deed to be plain, certain and unambiguous. Thus, under the principles set forth above, it is compelling that the deed, as the final intention of the parties, must prevail over the contract pursuant to which it was executed.

Cochrans' argument denying inconsistency between the contract and the deed because both contain identical provisions as to the timber reservation is obviously mistaken. It is a cardinal rule of interpretation that a contract is to be construed as a whole and every part thereof should be given effect (*Kerr* v. *Brede* (1960) 180 Cal.App.2d 149 [4 Cal.Rptr. 443]; Civ. Code, § 1641). The same rule is applicable to the interpretation of a deed, which also must be considered in its entirety giving due regard to every provision, clause and word therein (*Biescar* v. *Czechoslovak-Patronat* (1956) 145 Cal.App.2d 133 [302 P.2d 104]).

In the light of the preceding rules, it seems beyond dispute that the phrase "now standing" must be read together with the date of the deed to which the word "now" relates. When so read it becomes self-explanatory

that there is a sizable inconsistency between the contract and the deed, which inconsistency must be resolved in favor of the deed.

We conclude that, under the circumstances presented by the case at bench, the deed is controlling in its entirety over the provisions of the contract. Consequently, the merchantability of the timber reserved to Union must be determined as of September 19, 1950, the date of the deed.

The judgment is reversed in part with directions to the trial court to undertake such further proceedings as are necessary to enable it to determine the merchantable timber as of September 19, 1950, and to make findings of fact and conclusions of law in accordance with that determination. The judgment in all other respects is affirmed. Union shall recover its costs.

Taylor, P. J., and Rouse, J., concurred.