[Civ. No. 18969. Third Dist. June 11, 1980.]

WILLIAM B. MIERKE, Plaintiff and Appellant, v.
DEPARTMENT OF WATER RESOURCES et al.,
Defendants and Respondents.

**COUNSEL**

Turner & Sullivan and Thomas D. Walker for Plaintiff and Appellant.

George Deukmejian, Attorney General, and George J. Roth, Deputy Attorney General, for Defendants and Respondents.

**OPINION**

**PARAS, J.**—Appellant (hereinafter plaintiff), a civil service employee of the State Department of Water Resources (hereinafter Department), appeals from a judgment of dismissal entered after the trial court sustained without leave to amend respondents' (hereinafter defendants) demurrer to his petition for writ of mandate.

Plaintiff was an associate engineer in the Department prior to May 1978 when he was formally promoted to senior engineer. But before his promotion and between December 11, 1972, and May 3, 1978, he performed the duties of senior engineer without being assigned to that position.[1] His superiors informed him he would be compensated at the

---

[1]This procedure is illegal. Government Code section 19255 provides: "A person shall not be assigned to perform the duties of any class other than that to which his position is allocated." Persons participating in a violation of this statute are of course subject to disciplinary action (see e.g., Gov. Code, § 19572, subds. (a), (c), (d), and (q)).

higher level and the Department certified he had performed "out-of-class" services, but the State Board of Control allowed only part of his claim for compensation.

■ Plaintiff asserted he was entitled to full compensation by virtue of Government Code section 19257 which provides: "Any person acting in good faith in accepting an appointment or employment contrary to this part or the rules prescribed hereunder, shall be paid by the appointing power the compensation promised by or on behalf of the appointing power or, in case no compensation is so promised, then, the actual value of any service rendered and the expense incurred in good faith under such attempted appointment or employment, and has a cause of action against the appointing power therefor."

The trial court held that plaintiff was entitled to no "out-of-class" compensation, citing this court's decision in *Snow* v. *Board of Administration* (1978) 87 Cal.App.3d 484 [151 Cal.Rptr. 127]. We agree and affirm. All aspects of plaintiff's contentions were thoroughly explored in *Snow*. Specifically, we there analyzed the provisions of section 19257 and their effect upon a claim such as that of plaintiff, concluding that it did not validate it. The issue before us is identical and the same result is compelled.

In *Snow*, the plaintiff was a retired civil service employee who had been awarded additional compensation for "out-of-class" services by the State Board of Control (*id.*, at p. 486). He then applied to the Board of Public Employees' Retirement System for a retirement allowance based on the higher salary scale and petitioned for a writ of mandate when his application was denied. (*Id.*, at p. 487.) We rejected the argument that section 19257 entitled him to the higher status, because the record showed there was no *actual* appointment to a higher position and plaintiff was at all times fully aware that his requests therefor had been rejected. Essentially the same facts are present here. "[T]he mere assumption and performance of the duties of a higher classification cannot require that the employee be appointed to it." (*Snow, supra*, at p. 489.) Nor can he be compensated at the higher rate.

Plaintiff contends *Snow* does not control because it holds only that compensation for "out-of-class" services is not applicable to retirement benefit computations. We disagree. In this case, as in *Snow*, plaintiff and his supervisors attempted to circumvent the constitutional and statutory hiring scheme by plaintiff's assumption of the duties of a position

to which all were aware he had not been appointed. (See *Snow, supra*, at p. 489.) Plaintiff is not entitled to compensation for such services.

We also disagree with plaintiff's contention that the use of the word "employment" in section 19257 indicates a legislative intent that the remedy apply to employees who work "out-of-class." Good faith acceptance of state employment (via a defective appointment) is simply not synonymous with conscious acceptance of out-of-class duties by a legally appointed employee. Government Code section 19257 does not apply to plaintiff.

The judgment is affirmed.

Regan, Acting P. J., concurred.

Blease, J., concurred in the result.