[Civ. No. 49776. First Dist., Div. One. Sept. 15, 1981.]

DOROTHY M. LIGON, Plaintiff and Appellant, v.
STATE PERSONNEL BOARD, Defendant and Respondent.

COUNSEL

Andrew Thomas Sinclair and Sinclair & Clancy for Plaintiff and Appellant.

George Deukmejian, Attorney General, and Gordon Zane, Deputy Attorney General, for Defendant and Respondent.

## OPINION

**CAREY, J.**\*—This is an appeal from a judgment of the superior court denying a petition for writ of mandate. The petition alleged that the California State Personnel Board (hereafter Board) had wrongfully refused to consider appellant's applications for two different employment positions with the Public Utilities Commission. Appellant sought both a judicial declaration of the invalidity of the personnel policy relied upon by the Board in disqualifying her from consideration for the positions, and a peremptory writ directing the Board to consider her applications.

Appellant, a state employee, contends that her "out-of-class" experience should be certified as a minimum qualification for advancement to certain positions at the Public Utilities Commission. She was not officially classified in the prerequisite job positions for the minimum time periods set forth in the job announcements. Her supervisor though, has verified that she had worked "out-of-class" in lower positions, performing the duties of the higher positions, which, when added together with

---

\*Assigned by the Chairperson of the Judicial Council.

the length of time in the actual appointment positions, would have qualified her as to the minimum time requirement if such credit could be certified. The announcement for the positions in question contained similar language as to experience. Appellant was denied consideration for the promotions because she did not possess the official job appointments in the respective subordinate positions for the required length of time and pursuant to a policy memorandum of the Board's executive director.

The Board's policy concerning assignment of out-of-class duties was set forth in a memorandum dated May 22, 1974, from the executive officer of the Board to "All Personnel Officers" of state agencies. The memorandum provides in part: "It is the policy of the State Personnel Board that out-of-class assignments are infrequent occurrences prompted by extraordinary or crisis situations. Merit System principles require that changes in assignment should, typically, be accompanied by the appropriate change in the employee's classification. Frequent use of out-of-class experience is contrary to well-administered classification, pay, and selection plans. It can also be unfair and inequitable to other employees. [¶] An employee is working out of class when the duties assigned him are not those specified in the specification for the class in which he is an incumbent. Rather, he is performing, for an extended period of time, the full range of duties enumerated in another class specification. . . . [¶] To provide for recognizing the experience gained by employees in those instances where out-of-class duties have been performed, the examination process permits out-of-class experience to qualify toward meeting minimum qualifications. The departmental personnel officer must certify, however, that the out-of-class duties were performed. The attached 'State Personnel Board Procedures Regarding Claims of Out-of-Class Experience' outlines the procedures and standards for accepting out-of-class experience as qualifying in an examination." The attachment provides in part: "Advancement and promotion shall not be faster through the use of out-of-class experience than through regular progress. This requires an applicant to meet the minimum cumulative time for promotion in a class series before any out-of-class experience can be certified or accepted."

■ Appellant contends that the Board's policy concerning out-of-class experience as it relates to advancement and promotion is invalid because it was not formally adopted as a "regulation" by the Board pursuant to the Administrative Procedure Act [APA].

Respondent contends that the policy is a "minimum qualification" and not a "regulation," and therefore the statutory notice and hearing requirements of the APA do not apply.

Government Code section 11342, subdivision (b), provides in part: "'Regulation' means every rule, regulation, order, or standard of general application ... adopted by any state agency to implement, interpret, or make specific the law enforced or administered by it, or to govern its procedure, except one which relates only to the internal management of the state agency." The definition has been broadly construed. (*Armistead* v. *State Personnel Board* (1978) 22 Cal.3d 198, 201-205 [149 Cal.Rptr. 1, 583 P.2d 744].)

The policy at issue was formulated by the executive officer of the Board in a document entitled "State Personnel Board Procedures Regarding Claims of Out-of-Class Experience." The executive officer described that document in his memorandum of May 22, 1974, as an outline of "the procedures and standards for accepting out-of-class experience as qualifying in an examination." The policy was intended to be generally applied in every case, regardless of the "minimum qualifications" required for a particular position. It would serve as a general limitation on the use of out-of-class experience to meet minimum requirements. The Board's "policy" is clearly a regulation. (*Armistead* v. *State Personnel Board, supra,* 22 Cal.3d at pp. 201-205.)

The Board argues that even if the policy is invalid because of APA requirements, it should be given weight as an administrative interpretation, that the policy itself is a minimum qualification.

We disagree. As pointed out in *Armistead, supra,* 22 Cal.3d at pages 204-205, a major aim of the APA was to provide a procedure whereby people to be affected may be heard on the merits of proposed rules. To give the Board's policy any weight would be to penalize those who are entitled to notice and an opportunity to be heard but received neither.

We find that the Board's policy is a regulation which was not promulgated by the Board in substantial compliance with the requirements of the APA[1] and is therefore invalid. (*Id.,* at p. 201.)

---

[1]Government Code sections 11371 et seq., 11420 et seq.; repealed Statutes 1979, chapter 567, section 2, operative July 1, 1980; see Government Code section 11340 et seq.

■ Appellant contends that despite the invalidity of the Board's policy and without reference to it, the Board should nonetheless consider her actual out-of-class experience in determining her qualifications and eligibility to take the advancement and promotion examinations.

Respondent contends that the policy which appellant attacks constitutes her only basis for urging her out-of-class service can be substituted for experience in the class title, so that if the policy is invalid, appellant should be denied the relief she seeks.

We find no authority which would permit out-of-class work experience to be substituted for the actual minimum time experience in the job classification.

Government Code section 19255 provides: "A person shall not be assigned to perform the duties of any class other than that to which his position is allocated."

In *Pinion* v. *State Personnel Board* (1938) 29 Cal.App.2d 314 [84 P.2d 185], employees who had been appointed to junior positions were assigned intermediate duties, which they performed without having taken examinations to qualify for intermediate positions. The court refused to compel the Board to recognize the employees as holders of intermediate positions or to permit them to assume intermediate titles. "[T]hese [employees] were not lawfully holding these positions nor lawfully performing the duties thereof. They had assumed these positions without qualifying therefor .... These [employees] as to the positions they were occupying were *de facto* employees only, and they have no legal right to contend they should be permitted to assume the classification title to such positions. ... If the appointing power could, by assigning duties of a higher nature to an employee, and the State Personnel Board could, by classifying those duties to a higher class than that of the employee's original position, give to an employee a permanent civil service status, the entire fabric of the civil service system would fail." (*Id.*, at pp. 318-319.)

In *Snow* v. *Board of Administration* (1978) 87 Cal.App.3d 484 [151 Cal.Rptr. 127], a retired state employee sought to compel the PERS board to recompute his final compensation to include an award for duties performed above the class of employment to which he had been appointed. The court held that such an award would be improper: "[T]he mere assumption and performance of the duties of a higher clas-

sification cannot require that the employee be appointed to it.... Snow's assumption, with the concurrence of his supervisors, of the duties of an [out-of-class position] did not *entitle* him to the higher classification.... Snow and his supervisors cannot be allowed to circumvent the constitutional and statutory hiring scheme by the mere assumption by Snow of the duties of a position to which all were aware he had not been appointed." (*Id.*, at p. 489.)

In *Mierke* v. *Department of Water Resources* (1980) 107 Cal.App.3d 58 [165 Cal.Rptr. 490], the employee performed senior duties while holding an associate position. His superiors informed him that he would be compensated at the higher level; and the department certified that he had performed out-of-class services. The court rejected the employee's claim for the promised compensation, and observed with respect to the employee's performance of out-of-class duties: "This procedure is illegal. Government Code section 19255 provides: 'A person shall not be assigned to perform the duties of any class other than that to which his position is allocated.' Persons participating in a violation of this statute are of course subject to disciplinary action (see e.g., Gov. Code, § 19572, subds. (a) [fraud in securing appointment], (c) [inefficiency], (d) [inexcusable neglect of duty], and (q) [violation of statute or board rule])." (*Id.*, at p. 59, fn. 1.)

Appellant seeks to distinguish these cases by contending that she is not seeking recognition that she ever was or is now entitled to any position other than the one to which she had been lawfully appointed at the commencement of this action; that she is not attempting to avoid the examination process; that what she wants is a chance to compete in that process, based on her actual qualifying experience in terms of the duties she performed over the period specified in the examination announcement.[2]

This contention fails to note that the difference between one who is entitled to and holding a position and one who is qualified to be so entitled to hold the position is only a question of degree based on the promotional scheme of the civil service system. Paramount to a fair,

---

[2]California Administrative Code, title 2, section 171 provides that "Each [examination] announcement shall state ... the method of evaluating the education, experience, and personal qualifications of the competitors ...." The announcements relevant here required one year of experience in the California state service "performing the duties of a Transportation Analyst III."

equitable and complete scheme is an advancement and promotion plan based upon compliance with the statutes and applicable regulations.

The court in *Snow* v. *Board of Administration, supra,* 87 Cal.App.3d 484, stated: "The California Supreme Court has recognized that the only position an employee may lawfully hold is that for which he has been examined and to which he has been certified and appointed in the manner provided by law. (*Ferdig* v. *State Personnel Board* (1969) 71 Cal.2d 96, 108 ....) Under the rule so established, the mere assumption and performance of the duties of a higher classification cannot require that the employee be appointed to it. 'If the appointing power could, by assigning duties ... to a higher class than that of the employee's original position, give to an employee a permanent civil service status, the entire fabric of the civil service system would fail. Promotion and appointments in civil service would then no longer be made "exclusive under a general system based on merit, efficiency and fitness as ascertained by competitive examinations."' (*Pinion* v. *State Personnel Board, supra,* 29 Cal.App.2d at p. 319.)" (*Id.,* at pp. 488-489.)

To permit out-of-class experience to be substituted for the minimum time "in the chairs" experience would permit different appointing powers to short-cut the merit system by assigning higher class duties to employees, thus shortening the experience requirements for admission to the promotional examinations. Those who attain out-of-class status could swiftly bypass other candidates who are dutifully performing their tasks according to their job classifications. Unfairness and acrimony could result.

Government Code section 19255 sets forth the legislative intent to discourage out-of-class assignments. *Mierke* states such assignments are in fact illegal (*Mierke* v. *Department of Water Resources, supra,* 107 Cal.App.3d at p. 59, fn. 1).

Accelerated promotions based on working out-of-class would be in conflict with the statute and detrimental to a fair and efficient civil service system.

The minimum qualifications announcement by the State Personnel Board cannot be taken to permit that such a procedure can be substituted for full service in an appointed position. Precision as to minimum experience qualifications, not subjective determinations by a supervisor,

should be the determining factor. Conflicts and disputes over the nature and duration of out-of-class duty assignments should be avoided.

Thus, the Board may not consider appellant's out-of-class experience in determining her qualifications and ability to take the advancement and promotional examinations.

That portion of the judgment denying appellant's petition for writ of mandate is affirmed. ■ That portion of the judgment denying the declaratory relief sought is reversed, and the cause remanded with directions (1) to enter judgment declaring invalid, for failure to comply with the Administrative Procedure Act, the Board's "Procedures Regarding Claims of Out-of-Class Experience"; and (2) to award appellant reasonable attorney's fees, pursuant to Code of Civil Procedure section 1021.5, since an important public right is implicated.

Affirmed in part, reversed in part, and remanded.

Racanelli, P. J., and Elkington, J., concurred.