[No. B015990. Second Dist., Div. Four. June 20, 1986.]

JESUS IBARRA et al., Plaintiffs and Appellants, v.
CALIFORNIA COASTAL COMMISSION, Defendant and Respondent.

688

COUNSEL

Lillick, McHose & Charles, Anthony Liebig and Kenneth R. Chiate for Plaintiffs and Appellants.

John K. Van de Kamp, Attorney General, N. Gregory Taylor and Nancy K. Chiu, Deputy Attorneys General, for Defendant and Respondent.

OPINION

McCLOSKY, J.—Plaintiffs appeal from the order (judgment) of dismissal entered in favor of defendant, California Coastal Commission (Commis-

sion), following the sustaining of defendant's demurrer to the seventh cause of action of plaintiffs' second amended complaint (SAC) with leave to amend, followed by the election of plaintiffs not to amend.

## CONTENTIONS

Plaintiffs contend that the California Coastal Act (Pub. Resources Code, § 30000 et seq.)[1] imposes mandatory duties upon defendant and that defendant breached such duties by (1) failing to adopt a policy of denying permits for septic tank system installation, expansion and repair at Big Rock Mesa; (2) failing to require Los Angeles County to carry out duties under the coastal act and other duties whereby the county would require the abolition of the septic tank system and installation of a sewer system or establish a drainage district and (3) failing to require Los Angeles County to prepare a local coastal program dealing with the above problem.

Plaintiffs further contend that administrative mandamus was inappropriate since there was no proceeding, decision or action to review.

## FACTS

The 23 plaintiffs in this action are homeowners at Big Rock Mesa in Malibu, California. Their properties are within the coastal zone area as defined by the California Coastal Act of 1976 (§ 30103) and the prior California Coastal Zone Conservation Act of 1972 (formerly § 27100). They seek to hold the Commission and others liable for damages suffered to their properties resulting from the Big Rock landslide which became manifest in the summer of 1983.

On October 12, 1984, plaintiffs filed a second amended complaint against the Commission for "failure to discharge mandatory dut[ies]."[2] In that complaint plaintiffs alleged, among other things, that "[s]ince at least January 1, 1977, defendant Commission had the 'primary responsibility for the implementation' of the California Coastal Act of 1976 (Cal. Pub. Res. Code §§ 30000 et seq.) and has been 'designated as the state coastal zone planning and management agency for any and all purposes' (Pub. Resource Code § 30330). It has thus been directed to 'protect, maintain, and, where feasible, enhance and restore the over-all quality' of Big Rock Mesa which lies within the Coastal Zone. (§ 30001.5.) It has been directed to assure

---

[1] All statutory references are to the Public Resources Code unless otherwise indicated.

[2] In plaintiffs' SAC they alleged other causes of action against other defendants for damages resulting from the landslide. Those other causes of action do not affect this appeal except insofar as certain paragraphs in them have been incorporated in the seventh cause of action.

that new development there shall minimize risks to life and property in view of the high geologic hazard and not create or contribute significantly to geologic instability [§ 30253, subds. (1), (2)] and it has adopted and enforced detailed Statewide and Regional Interpretive Guidelines in compliance with said duty. All local public agencies, including Los Angeles County, are required to comply with the provisions of the Act (§§ 30003, 30004), and the Commission is authorized to bring appropriate legal actions necessary to achieve the Act's goals. (§ 30334.)"

That "[s]ince January 1, 1973, defendant Commission and its predecessor . . . have known" that the drainage systems in the Big Rock area, including the private sewage disposal systems of individual property owners, were inadequate in light of the topographical and geological features and conditions of that area and as a result of such inadequate systems, "the earth underlying the Big Rock became increasingly saturated with water, the ground water levels increased, and underlying clays, strata, and slip planes became lubricated."

Plaintiffs further alleged that defendant Commission breached its mandatory duties by doing nothing and that such inaction directly and proximately caused their damages.[3]

On February 27, 1985, defendant's demurrer to plaintiffs' SAC was sustained with 20 days leave to amend on the first and third grounds stated in the demurrer "as per the points and authorities supporting same." These grounds were that (1) defendant was immune from liability under Government Code sections 818.2, 818.4 and 818.6[4] and that the seventh cause of

---

[3]Respondent's alleged liability for plaintiffs' damages is based on Government Code section 815.6 which provides as follows: "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty."

[4]Government Code section 818.2, provides as follows: "A public entity is not liable for an injury caused by adopting or failing to adopt an enactment or by failing to enforce any law."

Government Code section 818.4, provides as follows: "A public entity is not liable for an injury caused by the issuance, denial, suspension or revocation of, or by the failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization where the public entity or an employee of the public entity is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked."

Government Code section 818.6, provides as follows: "A public entity is not liable for injury caused by its failure to make an inspection, or by reason of making an inadequate or negligent inspection, of any property, other than its property (as defined in subdivision (c) of Section 830), for the purpose of determining whether the property complies with or violates any enactment or contains or constitutes a hazard to health or safety."

action of the SAC failed to state facts sufficient to constitute a cause of action and failed to state facts sufficient to overcome the Commission's immunity. In its minute order the trial court took particular pains to point out to plaintiffs what was required to be added in the pleading of any further amended complaint. "In particular [, the court pointed out, the new pleading should address the question of] what provision or provisions of the Coastal Acts (either 1972 or 1976) impose 'mandatory duties' to protect plaintiffs from the type of injury alleged in the Second Amended Complaint?" and "[w]hat act or acts did the Defendant, Coastal Commission, perform or fail to perform which was not in the Commission's discretion?"

Plaintiffs elected not to amend their complaint and therefore their action against defendant was ordered dismissed on June 25, 1985.

## DISCUSSION

### I

"Since plaintiff[s] declined to amend [their] complaint, we do not consider the possibility that any defects in it could be cured by amendment, but presume that the pleader has stated his case as strongly as it can be stated in his favor. (*Royal Ins. Co.* v. *Mazzei,* (1942) 50 Cal.App.2d 549, 555 [123 P.2d 586].) ■ While the complaint should be liberally construed, with a view to substantial justice between the parties (Code Civ. Proc., sec. 452), that rule 'does not, however, permit the insertion, by construction, of averments which are neither directly made nor within the fair import of those which are set forth. On the contrary, facts necessary to a cause of action but not alleged must be taken as having no existence.' (21 Cal.Jur. 54; *Feldesman* v. *McGovern* (1941) 44 Cal.App.2d 566, 571 [112 P.2d 645]; *Estrin* v. *Superior Court,* (1939) 14 Cal.2d 670, 677 [96 P.2d 340].)" (*Frace* v. *Long Beach etc. Sch. Dist.* (1943) 58 Cal.App.2d 566, 568 [137 P.2d 60].)

### II

■ Under the government tort liability act, there is no common law liability of a public entity, liability is wholly statutory. (See Gov. Code, § 815 et seq.)

■ Government Code section 815.6 relied on by plaintiffs to impose liability on defendant contains a three-pronged test for determining whether liability may be imposed on a public entity: an enactment must impose a mandatory, not discretionary, duty; the enactment must intend to protect against the kind of risk of injury suffered by the party asserting the statute

as a basis for liability; and breach of mandatory duty must be a proximate cause of the injury suffered. (*State of California* v. *Superior Court* (1984) 150 Cal.App.3d 848 [197 Cal.Rptr. 914].) The liability declared to be imposed by this section is only for a particular kind of harm caused by the failure to perform the mandatory duty, and that rule is a more narrow rule of liability than the general consideration of foreseeability. (*Shelton* v. *City of Westminster* (1982) 138 Cal.App.3d 610, 623 [188 Cal.Rptr. 205].)

In *Pacific Legal Foundation* v. *California Coastal Com.* (1982) 33 Cal.3d 158, 162-163 [188 Cal.Rptr. 104, 655 P.2d 306], Justice Mosk recited the statutory background of the 1976 Coastal Act as follows: "In recent decades, the People of California have become painfully aware of the deterioration in the quality and availability of recreational opportunities along the California coastline due to the combined factors of an increasing demand for its use and the simultaneous decreasing supply of accessible land in the coastal zone. Growing public consciousness of the finite quantity and fragile nature of the coastal environment led to the 1972 passage of Proposition 20, an initiative measure entitled the California Coastal Zone Conservation Act (the 1972 Coastal Act). (Former Pub. Resources Code, §§ 27000-27650.)

"The 1972 Coastal Act created the California Coastal Zone Conservation Commission and directed it to oversee the orderly process of planning for the future development of the California coastline. . . .

"One of the stated purposes of the 1972 Coastal Act was to increase public access to the coast. The 1972 Coastal Act was an interim measure, destined by its own terms to expire at the beginning of 1977. It authorized the interim coastal commission to prepare a study summarizing the progress of planning in the coastal zone and delineating goals and recommendations for the future of California's shoreline for the guidance of the Legislature. The study, labeled the California Coastal Plan, was completed in December 1975 and submitted to the Legislature, which used it as a guide when drafting the California Coastal Act of 1976 (the Coastal Act). (Pub. Resources Code, § 30000 et seq.) The Coastal Act created the California Coastal Commission (the Commission) to succeed the California Coastal Zone Conservation Commission." (Fn. omitted.)

Plaintiffs contend that defendant Commission breached mandatory duties under sections 30001, 30001.5, 30004, and 30253, and Government Code section 815.6 by (1) failing to adopt a policy of denying permits for septic tank system installation, expansion and repair at Big Rock Mesa; (2) failing to require Los Angeles County to carry out duties under the coastal act and other duties whereby the county would require the abolition of the septic tank system and installation of a sewer system or establish a drainage district;

and (3) failing to require Los Angeles County to prepare a local coastal program dealing with the above problem.[5] Plaintiffs' contention lacks merit. The sections plaintiffs rely on do not impose mandatory duties upon the Commission. They are recitations of legislative goals and policies. (See *City of Chula Vista* v. *Superior Court* (1982) 133 Cal.App.3d 472, 480 [183 Cal.Rptr. 909].)

■ The responsibility for implementing the act's policies to achieve its stated goals is vested in the Commission. (§ 30330.) This responsibility

---

[5]Section 30001: "The Legislature hereby finds and declares:

"(a) That the California coastal zone is a distinct and valuable natural resource of vital and enduring interest to all the people and exists as a delicately balanced ecosystem.

"(b) That the permanent protection of the state's natural and scenic resources is a paramount concern to present and future residents of the state and nation.

"(c) That to promote the public safety, health, and welfare, and to protect public and private property, wildlife, marine fisheries, and other ocean resources, and the natural environment, it is necessary to protect the ecological balance of the coastal zone and prevent its deterioration and destruction.

"(d) That existing developed uses, and future developments that are carefully planned and developed consistent with the policies of this division, are essential to the economic and social well-being of the people of this state and especially to working persons employed within the coastal zone."

Section 30001.5: "The Legislature further finds and declares that the basic goals of the state for the coastal zone are to:

"(a) Protect, maintain, and, where feasible, enhance and restore the overall quality of the coastal zone environment and its natural and artificial resources.

"(b) Assure orderly, balanced utilization and conservation of coastal zone resources taking into account the social and economic needs of the people of the state.

"(c) Maximize public access to and along the coast and maximize public recreational opportunities in the coastal zone consistent with sound resources conservation principles and constitutionally protected rights of private property owners.

"(d) Assure priority for coastal-dependent and coastal-related development over other development on the coast.

"(e) Encourage state and local initiative and cooperation in preparing procedures to implement coordinated planning and development for mutually beneficial uses, including educational uses, in the coastal zone."

Section 30004: "The Legislature further finds and declares that:

"(a) To achieve maximum responsiveness to local conditions, accountability, and public accessibility, it is necessary to rely heavily on local government and local land use planning procedures and enforcement.

"(b) To ensure conformity with the provisions of this division, and to provide maximum state involvement in federal activities allowable under federal law or regulations or the United States Constitution which affect California's coastal resources, to protect regional, state, and national interests in assuring the maintenance of the long-term productivity and economic vitality of coastal resources necessary for the well-being of the people of the state, and to avoid long-term costs to the public and a diminished quality of life resulting from the misuse of coastal resources, to coordinate and integrate the activities of the many agencies whose activities impact the coastal zone, and to supplement their activities in matters not properly within the jurisdiction of any existing agency, it is necessary to provide for the continued state coastal planning and management through a state coastal commission."

Section 30253 provides in pertinent part: "New development shall:

"(1) Minimize risks to life and property in areas of high geologic, flood, and fire hazard.

"(2) Assure stability and structural integrity, and neither create nor contribute significantly to erosion, geologic instability, or destruction of the site or surrounding area . . . ."

requires the Commission to exercise considerable judgment. For example, in a situation where two or more policies conflict, the Commission must resolve the conflict "in a manner which on balance is the most protective of significant coastal resources." (§ 30007.5.) Since the exercise of the Commission's judgment is a discretionary act as opposed to a mandatory one (see *Johnson* v. *State of California* (1968) 69 Cal.2d 782, 788-794 [73 Cal.Rptr. 240, 447 P.2d 352]), it cannot be held liable for failing to exercise that judgment in the manner alleged by plaintiffs. Government Code sections 818.2 and 818.4 preclude such liability.

## III

THE COMMISSION CANNOT BE HELD LIABLE FOR ITS ALLEGED FAILURE TO ADOPT A POLICY OF DENYING PERMITS FOR SEPTIC TANK INSTALLATION, EXPANSION AND REPAIR

■ The Commission is authorized to determine whether or not to issue a permit for septic tank installation, expansion and repair. (§§ 30600, 30106, 30610, subds. (a) and (d); Cal. Admin. Code, tit. 14, § 13250, subd. (b)(3).) The discretionary nature of this type of determination has been recognized by our Supreme Court in *State of California* v. *Superior Court* (1974) 12 Cal.3d 237, 247 [115 Cal.Rptr. 497, 524 P.2d 1281]: "Even the most cursory examination of the [1972 Coastal] Act reveals that determination of whether an applicant qualifies for a permit is entrusted to the Commission's discretion." It therefore follows that under Government Code section 818.4, the Commission is immune from liability for its failure to deny permits or conversely its issuance of permits for septic tank installation, expansion and repair. (See *O'Hagan* v. *Board of Zoning Adjustment* (1974) 38 Cal.App.3d 722, 726 [113 Cal.Rptr. 501].)

The Commission is also authorized to adopt regulations that carry out the provisions and purposes of the act. (§ 30333.) The definition of "regulation" has been broadly construed to include a policy intended to be generally applied in every case. (*Ligon* v. *State Personnel Bd.* (1981) 123 Cal.App.3d 583, 588 [176 Cal.Rptr. 717].) Thus, the Commission could have adopted a policy of denying septic tank installation, expansion and repair. Plaintiffs contend that the Commission had a mandatory duty to do so. That contention is without merit. Nowhere in any statute is such a mandatory duty, as distinguished from a mere "goal," set forth. The determination of whether to promulgate a regulation or policy is a discretionary function and Government Code section 818.2 precludes the imposition of tort liability for the Commission's failure to exercise its discretion in the manner plaintiffs alleged it should have. (See *Nunn* v. *State of California* (1984) 35 Cal.3d 616, 623, fn. 5 [200 Cal.Rptr. 440, 677 P.2d 846].)

## IV

### THE COMMISSION CANNOT BE HELD LIABLE FOR ITS ALLEGED FAILURE TO REQUIRE LOS ANGELES COUNTY TO CARRY OUT ITS DUTIES UNDER THE COASTAL ACT

■ Plaintiffs contend that the Commission failed to discharge a mandatory duty by failing to require Los Angeles County to (1) abolish the use of septic tanks and require the installation of sewers or establish a drainage district; and (2) prepare a local coastal program dealing with the problem.[6] That contention lacks merit.

The Commission's primary duties under the coastal act are to grant or deny permits for coastal development[7] (§ 30600) and approve or disapprove local coastal programs. (§§ 30500-30522.) The Commission reviews the local coastal programs prepared by local governments to determine whether or not they are consistent with the policies of the coastal act. The Commission may itself prepare the local coastal program but only if requested to do so by the local government. (§ 30500.) In *City of Chula Vista* v. *Superior Court, supra,* 133 Cal.App.3d at page 488, the court noted that "the Commission in approving or disapproving an LCP [local coastal program] does not create or originate any land use rules and regulations. It can approve or disapprove but it cannot itself draft any part of the coastal plan."

Since the Commission cannot, unless requested, draft any part of a local coastal program, it follows that the Commission cannot require local government to include any specific provisions in their plan. We therefore conclude that in the instant case the Commission was not under a mandatory duty, as plaintiffs contend, to require Los Angeles County to prepare a local coastal program dealing with the drainage problems in the Big Rock area.

Plaintiffs have not cited us to any authority, nor has our research disclosed any, supporting their contention that the Commission was under a mandatory duty to require Los Angeles County to abolish the use of septic tanks and require the installation of sewers or establish a drainage district.

## V

Defendant Commission argues that the dismissal of plaintiffs' suit should be affirmed since plaintiffs can seek judicial review of defendant's action

---

[6] "'Local coastal program' means a local government's land use plans, zoning ordinances, zoning district maps, and implementing actions which, when taken together, meet the requirements of, and implement the provisions and policies of, this division at the local level." (§ 30108.6.)

[7] The Commission is authorized to bring an action to enjoin development without the required coastal permit and assess civil penalties. (§§ 30334, 30805, 30820, 30821.)

only by filing a writ of mandate and their failure to so file on a timely basis precludes such review. Plaintiffs contend that administrative mandamus was inappropriate since there was no proceeding and decision or action to review.

In view of the dispositive nature of our holding as to the issues discussed above we need not, and do not, reach this issue.

The court's order (judgment) of dismissal was proper since the Commission did not have a mandatory duty to protect plaintiffs from the harm they alleged and is immune from liability under Government Code sections 818.2 and 818.4 for any such resulting harm.

The trial court's order (judgment) of dismissal of the seventh cause of action of plaintiffs' SAC is affirmed.

Kingsley, Acting P. J., and Arguelles, J., concurred.

Appellants' petition for review by the Supreme Court was denied September 17, 1986.