Filed 6/1/15  Saint-Fleur v. County of Fresno CA4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| PIERRE ESTALIN SAINT-FLEUR,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>COUNTY OF FRESNO et al.,<br><br>　　Defendants and Appellants. | F069764<br><br>(Super. Ct. No. 13CECG00838)<br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Fresno County.  Donald S. Black, Judge.

Daniel C. Cederborg, County Counsel, Michael R. Linden and Bruce B. Johnson, Deputy County Counsel, for Defendants and Appellants.

Webb & Bordson; Law Office of Amy R. Lovegren-Tipton and Amy R. Lovegren-Tipton for Plaintiff and Respondent.

-ooOoo-

Plaintiff, Pierre Estalian Saint-Fleur, filed a motion under Code of Civil Procedure,[1] section 473, requesting that the judgment entered against him in this action be set aside and that plaintiff be given leave to file an amended pleading. The trial court found that plaintiff's former attorney had completely abandoned plaintiff at a critical stage of the litigation, resulting in the dismissal and judgment being taken against plaintiff. The motion was accordingly granted. Defendants herein, County of Fresno, Donna Taylor, Susan Holt and Beth Bandy (collectively defendants), appeal from the trial court's order on the ground that no adequate basis for relief was shown. We conclude the trial court did not exceed its broad discretion in granting relief pursuant to section 473 under the circumstances of this case. Therefore, we affirm the order of the trial court.

## FACTS AND PROCEDURAL HISTORY

### Plaintiff's Employment and Events Leading to Present Lawsuit

Plaintiff was employed by the County of Fresno from 1990 to 2009 in the Department of Children and Family Services. From 1991 to 2009, plaintiff's particular employment with the County of Fresno was as a licensed mental health clinician. His job classification was "Senior Licensed Mental Health Clinician." In 2004, plaintiff sought, and was granted, military leave in order to serve as a Chaplain for our Nation's armed forces in a combat zone overseas in the Middle East. Upon his return in 2008, plaintiff was reinstated by the County of Fresno. However, after his reinstatement, plaintiff was allegedly targeted by his new supervisor, Deputy Director Donna Taylor (Taylor), who purportedly treated plaintiff unfairly or harassed plaintiff. The alleged harassment included allegations by Taylor that plaintiff had engaged in fraudulent billing practices. Taylor conducted an investigation into plaintiff's billing practices, but plaintiff was not

---

[1]      Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

given an opportunity to respond to the allegations. Plaintiff believed the allegations were entirely unfounded.

According to plaintiff, other forms of harassment and demeaning treatment by Taylor persisted, which created an intolerable work environment that eventually led plaintiff to take an early retirement from the County of Fresno in 2009. However, in response to the alleged conduct by Taylor, plaintiff filed an action in the U.S. District Court on January 4, 2010, alleging that the County of Fresno violated plaintiff's rights under the Uniformed Services Employment and Reemployment Rights Act (38 U.S.C. § 4301 et seq.). The U.S. District Court action was settled by the parties in December 2010. The terms of that settlement included the payment to plaintiff of the sum of $100,000.00 by the County of Fresno, and a release of all claims on plaintiff's part.

Following his retirement from the County of Fresno, plaintiff returned to his work as a military Chaplain in the armed forces of the United States, stationed in the Middle East and other locations.

In 2012, after returning home from his overseas duties as military Chaplain, plaintiff needed to obtain a renewal of his security clearance in order to continue his work with the armed forces. For purposes of obtaining the renewed security clearance, plaintiff believed he had to have access to the County of Fresno's investigation file concerning the accusations of fraudulent billing practices. Accordingly, beginning in 2012, plaintiff made several written requests to obtain copies of the investigation file relating to plaintiff's billing practices. However, the County of Fresno refused to provide access to the requested files.

The County of Fresno's response to plaintiff's written requests disclosed that a number of the investigated billing matters were found to have been "overstated" by plaintiff, and that Medi-Cal had to be reimbursed in the amount of $3,681.45, but the investigation did not find any deliberate misconduct or fraud on plaintiff's part. According to the County of Fresno, no formal discipline was imposed and therefore the

3.

investigation documents were not made part of plaintiff's personnel record. In any event, the County of Fresno's position was that it would not comply with plaintiff's demand to be provided with a complete copy of the investigative files.

***Proceedings Leading to Dismissal of Plaintiff's Action***

On March 18, 2013, plaintiff filed his original complaint in the Fresno County Superior Court against the County of Fresno and several employees of the County of Fresno. The complaint alleged that defendants "intentionally and/or negligently maintained records of the fraud investigation … including the incorrect findings (which plaintiff disputes) that improper billing took place." The complaint further alleged that defendant, County of Fresno, "refuse[d] to provide plaintiff with complete copies of their records pertaining to him …." As a proximate result of defendants' conduct, the complaint asserted that plaintiff "has been unable to obtain the requisite security clearance and has lost the opportunity to apply for various civilian employment positions …."

On April 4, 2013, defendants filed a demurrer to the complaint. On July 9, 2013, before the continued hearing date for the demurrer, plaintiff filed a first amended complaint.

On July 18, 2013, defendants filed a demurrer to the first amended complaint. On August 14, 2013, the trial court issued its tentative ruling sustaining the demurrer to the first amended complaint with 10 days leave to amend. In its ruling, the trial court explained that plaintiff had failed to allege any statutory basis for a mandatory duty of care relating to plaintiff's employment records. On August 15, 2013, the tentative ruling became the order of the court. The 10 days leave to amend was effective from the date of service of the order. The clerk served the order on August 20, 2013.

The 10-day period for leave to amend expired and plaintiff failed to file a second amended complaint. On September 11, 2013, defendants County of Fresno, Donna Taylor, Susan Holt and Beth Bandy, moved for an order dismissing the action on the

ground that the demurrer was sustained with leave to amend and the plaintiff failed to file an amended pleading.[2] No opposition to the motion to dismiss was filed and no request for oral argument was made in response to the tentative ruling granting the motion. The trial court granted the motion on October 30, 2013, and the action was ordered dismissed with prejudice as to the above-named defendants. On November 6, 2013, based on the dismissal order, a judgment was entered in favor of defendants, County of Fresno, Donna Taylor, Susan Holt and Beth Bandy. On November 8, 2013, a notice of entry of judgment was served by mail on plaintiff's attorney of record.

***Plaintiff's Section 473 Motion to Vacate Judgment***

Throughout the proceedings described above, plaintiff was represented by attorneys Jeffrey Purvis and Michael Elder of the Law Offices of Purvis & Elder, LLP. On December 6, 2013, plaintiff filed a substitution of attorney form designating attorney Amy Lovegren-Tipton of the Law Offices of Webb & Bordson, APC, as plaintiff's new attorney and legal representative in this case.

On January 3, 2014, plaintiff—by and through his new attorney—filed a motion to vacate the judgment of dismissal and to file a second amended complaint. The stated ground for this relief under section 473 was that the judgment taken against plaintiff was a result of his mistake, inadvertence, surprise, or excusable neglect. Allegedly, plaintiff was unaware that he could amend the pleadings to cure the defect identified in the demurrer and he was never advised of the existence of the motion to dismiss. He had counted on his former attorney to help him navigate the legal issues and to keep him informed, but that did not happen. Instead, plaintiff's former attorney ceased further effort in the case based on an assumption the pleading defect was incurable, and told plaintiff that if he wanted to continue he should find another attorney to handle an appeal

---

[2] We note that defendants Angela Jaime and Gloria Rocha were already dismissed from the case before the time of this motion as a result of plaintiff's failure to serve the summons and first amended complaint on them.

5.

from the demurrer ruling. Plaintiff diligently sought to retain another attorney, and was able to do so, but it was too late to prevent the dismissal and judgment. Plaintiff's motion to vacate was accompanied by a proposed second amended complaint, which included allegations showing a potential statutory basis for a duty to provide plaintiff an opportunity to inspect his personnel records on file with the County of Fresno (i.e., Gov. Code, § 31011 and Lab. Code, § 1198.5).

On January 3, 2104, in addition to filing the above motion to vacate, plaintiff concurrently filed a notice of appeal from the judgment of dismissal. Plaintiff's appeal was later abandoned or dismissed by plaintiff in order to preserve the trial court's jurisdiction to hear the section 473 motion.

On February 5, 2014, defendants filed their opposition to plaintiff's motion to vacate judgment. Defendants argued that there was no excusable neglect as required by section 473, but rather plaintiff's former counsel simply made an informed decision not to file a second amended complaint. According to defendants, to the extent that this decision was wrong or mistaken, it constituted professional negligence by the attorney that was inexcusable, and such inexcusable neglect is ordinarily imputed to the client and does not provide a basis for relief.

On February 25, 2014, plaintiff's reply was filed. Plaintiff's reply emphasized his promptness in seeking section 473 relief, the policy favoring trial on the merits, the lack of prejudice to defendants if relief were granted, and the fact that the proposed second amended complaint identified a statutory basis for a duty to allow plaintiff access to his personnel records.

The motion was heard by the trial court on June 3, 2014, and after oral argument was completed, the matter was taken under submission. On June 6, 2014, the trial court issued its order granting plaintiff's motion to vacate judgment and to file a second amended complaint. The order explained the trial court's ruling as follows:

"On the merits, plaintiff has shown he was abandoned by his former attorney. Although an attorney has exclusive charge of the proceedings on behalf of his client, the attorney cannot impair or destroy the client's cause of action. (*Daley v. Butte County* (1964) 227 Cal.App.2d 380, 391.) This is exactly what happened here. The attorney failed to even tell Plaintiff he would have to substitute out of the case; that step was left until Plaintiff found new counsel. While he was still attorney of record, the attorney did nothing about the dismissal motion; by then, he should have substituted out of the case and at least let Plaintiff handle it himself. Plaintiff had legal representation only in a nominal and technical sense. [¶]…[¶] Here, the strong evidence of attorney abandonment and plaintiff's quick response when he knew he had to take action [to] justify finding the judgment to have been entered as a result of plaintiff's mistake or excusable neglect, particularly given that no prejudice has been demonstrated. [¶] The court also grants plaintiff leave to file his amended complaint. Issues related to the legal validity of the claims plead can be addressed through pleading practice, if necessary."

On June 13, 2014, defendants timely filed their notice of appeal from the above ruling.

## DISCUSSION

### I. Standard of Review.

A motion for relief from a judgment, order or other proceeding may be made on the ground that it was taken against the moving party as a result of mistake, inadvertence, surprise or excusable neglect. (§ 473, subd. (b).) Whether to grant such relief lies within the sound discretion of the trial court, and the trial court's decision will not be overturned absent an abuse of discretion. (*Elston v. City of Turlock* (1985) 38 Cal.3d 227, 233 (*Elston*).)[3] The discretionary relief provided under section 473, subdivision (b) is applied liberally where the party moves promptly to seek relief and no prejudice will be suffered by the party opposing the motion if relief is granted. In such instances, only very slight evidence is needed to justify relief. (*Elston*, *supra*, at p. 233; *Rogalski v. Nabers Cadillac* (1992) 11 Cal.App.4th 816, 819-820.) Additionally, because the law favors trial on the

---

[3] We note that this case does *not* involve the mandatory relief provision of section 473 premised on an attorney affidavit of fault.

7.

merits, doubts are to be resolved in favor of the party seeking relief. (*Elston*, *supra*, at p. 233.)

In the absence of a "clear showing" of abuse of discretion, the trial court's order granting relief under section 473 may not be disturbed on appeal. (*Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478.) "The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court." (*Id.* at pp. 478-479.)

## II. Section 473 Relief Based on Attorney Abandonment of Client.

Defendants contend the trial court abused its discretion in granting plaintiff's motion to vacate the judgment pursuant to section 473. Specifically, defendants argue there was no adequate factual basis to support the trial court's conclusion that plaintiff's former counsel had abandoned plaintiff at a critical juncture in the case. We disagree with defendants' argument, as we proceed to explain.

Generally speaking, a party who seeks discretionary relief under section 473 based on his or her attorney's mistake or neglect must demonstrate that such mistake or neglect was excusable. That is because, as a general rule, an attorney's inexcusable neglect is chargeable to the client and does not support relief under section 473; instead, the client's sole redress in such cases is an action for malpractice. (*Carroll v. Abbott Laboratories, Inc*. (1982) 32 Cal.3d 892, 895, 898 (*Carroll*).) However, California courts recognize an exception to this rule in cases '"where the attorney's neglect is of that extreme degree amounting to *positive misconduct*, and the person seeking relief is relatively free from negligence. [Citations omitted.]…'" (*Id.* at p. 898.) "'The exception is premised upon the concept the attorney's conduct, in effect, *obliterates the existence of the attorney-client relationship*, and for this reason his negligence should not be imputed to the client.' (Italics added.) [Citations.] Courts applying that exception have emphasized that '[an] attorney's authority to bind his client does not permit him to impair or destroy the client's

8.

cause of action or defense.' [Citations.]" (*Ibid*.)[4] "Imputation of the attorney's neglect to the client ceases at the point where 'abandonment of the client appears.' [Citation.]" (*Seacall Development Ltd. v. Santa Monica Rent Control Bd*. (1999) 73 Cal.App.4th 201, 205 (*Seacall*).)

What constitutes abandonment of the client is a factual question for a trial court to decide based on the facts and circumstances of each particular case. (*Seacall*, *supra*, 73 Cal.App.4th at p. 205.) "[C]ourts also consider equitable factors in deciding whether the dismissal of an action should be set aside." (*Ibid*.) These factors include the client's own conduct in pursuing and following up the case, and whether the defendant would be prejudiced by allowing the case to proceed. (*Ibid*.) In determining whether a client has been abandoned and is entitled to relief, the trial courts "must also balance the public policy favoring a trial on the merits against the public policies favoring finality of judgments and disfavoring unreasonable delays in litigation [citation] and the policy an innocent client should not have to suffer from its attorney's gross negligence against the policy a grossly incompetent attorney should not be relieved from the consequences of his or her incompetence. [Citation.]" (*Ibid*.)

In *Daley v. County of Butte* (1964) 227 Cal.App.2d 380, the attorney failed to appear at necessary hearings, serve process, seek extensions of time, or adequately communicate with the client or the court. Rather than taking action in the case, the attorney was guilty of "holding the substitution of attorneys for more than five months while his client's cause ripened for disaster" (*id*. at p. 392); and "by his refusal to get on with the lawsuit or get out of it, [the attorney] inflicted severe damage on his client's case." (*Ibid*.) Such attorney neglect amounted to "positive misconduct" that caused the

---

**4** As the Supreme Court put it in the *Carroll* case, a common factor in these exceptional cases was "a total failure on the part of counsel to represent the client: each attorney had de facto substituted himself out of the case." (*Carroll*, *supra*, 32 Cal.3d at p. 900.)

client to be "effectually and unknowingly deprived of representation." (*Id*. at p. 391.) Given the circumstances, the court found that plaintiff "had legal representation only in a nominal and technical sense." (*Id*. at p. 392.) Noting that "[a]n attorney's authority to bind his client does not permit him to impair or destroy the client's cause of action [citations]" (*id*. at p. 391), the Court of Appeal concluded that since the plaintiff was deprived of effective representation by the attorney's abandonment of her case, she would not be charged with responsibility for the misconduct of her "nominal counsel of record." (*Id*. at p. 392.)

In the present case, the trial court found that plaintiff's former counsel had completely abandoned plaintiff's interests at a critical juncture in the case, resulting in the dismissal judgment being taken against plaintiff. It appears that the trial court's finding of abandonment was supported by a number of facts. According to the declaration filed by plaintiff in support of his motion to vacate, plaintiff's former attorney told plaintiff, in a conversation in mid-August 2013, that in his view the pleading defect indicated in the trial court's ruling on demurrer could not be cured, and he also informed plaintiff that if he wanted to continue he would have to find another attorney to handle an appeal from the demurrer ruling. Plaintiff immediately began seeking alternative representation. The problem with the above-described scenario, from the standpoint of plaintiff, was that plaintiff's former counsel did nothing after that conversation to protect plaintiff's interests or to inform plaintiff he would need to take immediate action to preserve his potential claims. Instead, plaintiff's former attorney effectively walked away from the case and from plaintiff.

To summarize, the record reflects that plaintiff's former attorney did not substitute out of the case, did not advise plaintiff of the need to file a substitution of attorney, and did not inform the court that plaintiff was looking for new counsel. Instead, plaintiff's former attorney remained plaintiff's nominal or technical attorney of record, but meanwhile did nothing to protect plaintiff's interests while crucial deadlines came and

10.

went. No extension of time to amend the complaint was sought while plaintiff was attempting to find other counsel, and no opposition to the dismissal motion was filed. Meanwhile, plaintiff for his part diligently sought a new attorney, and found one, but by then it was too late to either timely amend the complaint or to prevent dismissal. In fact, as noted, plaintiff was not even informed of the dismissal motion. Once plaintiff obtained his new counsel, he promptly moved to vacate the judgment and for leave to file a second amended complaint. Plaintiff's new counsel identified statutory grounds to support a duty to provide access to personnel files (i.e., Gov. Code, § 31011 and Lab. Code, § 1198.5), which were alleged as the statutory basis for seeking relief under the proposed second amended complaint.

We believe the above facts were sufficient to support the trial court's conclusion that plaintiff's former attorney abandoned plaintiff at a critical juncture in the case, resulting in the dismissal and judgment being taken. Again, at the decisive moment when the complaint had to be amended (or more time to amend sought) and/or the dismissal motion opposed, plaintiff's then attorney had already given up on plaintiff's cause and did nothing to protect plaintiff's interests. Although plaintiff's former counsel was at that time nominally plaintiff's attorney of record, his inaction and lack of communication to attempt to protect plaintiff's interests left plaintiff effectively without *any* representation. True, plaintiff was told he needed to find another attorney if he wanted to pursue an appeal, but that was mentioned at a time when immediate action had to be taken to preserve plaintiff's claims, and the procedural context was such that plaintiff could not be reasonably expected as a laymen to know what to do.

Furthermore, the equitable considerations also weigh in favor of relief, because not only did plaintiff act promptly and diligently to pursue relief once the dismissal and judgment were entered, but there would not appear to be any prejudice to defendants in granting relief. In conclusion, the facts and circumstances support the trial court's

11.

conclusion that "plaintiff … was abandoned by his former attorney" and "had legal representation only in a nominal and technical sense."

The primary argument raised by defendants is that plaintiff's former attorney merely made a strategic *decision* not to amend the pleading. According to defendants, since attorneys are free to make strategic litigation decisions on behalf of their clients, no relief should be afforded to plaintiff. In support of this proposition, defendants cite *Cadle Co. v. World Wide Hospitality Furniture, Inc*. (2006) 144 Cal.App.4th 504 (*Cadle Co*.). In that case, which involved an action on a guaranty to recover amounts due on a promissory note, the guarantor's attorney made a strategic litigation decision to have a court trial rather than a jury trial. His client, the guarantor, was present in court when the attorney waived the right to a jury trial and said nothing to indicate a lack of agreement with his attorney's strategy decision. The Court of Appeal found the jury trial waiver to be valid for two reasons. First, trial counsel is authorized to exercise his independent judgment with respect to strategic litigation decisions. (*Id*. at p. 510.) Second, the client "may not simply sit by in silence, take his chances on a favorable judgment and then, after an adverse judgment, complain on appeal." (*Id*. at p. 511.) We find *Cadle Co*. to be distinguishable. In that case the attorney simply selected one method of trial over another; the client's cause of action remained intact and was not lost or impaired. That was markedly different from what occurred here, where plaintiff's former attorney—by his inaction—effectively sealed plaintiff's fate and forced the trial court to dismiss the action. As the California Supreme Court has recognized in discussing the concept of attorney abandonment, "'[a]n attorney's authority to bind his client does not permit him to impair or destroy the client's cause of action or defense.'" (*Carroll*, *supra*, 32 Cal.3d at p. 898.)

Finally, defendants argue there was no abandonment here because a timely appeal of the demurrer ruling was still feasible, and plaintiff's new attorney had even filed a notice of appeal. Defendants' argument is apparently that plaintiff's claims were

preserved, not lost, because of this potential to appeal from the demurrer ruling after the judgment was entered. The problem, however, is that the appeal would be from a ruling to sustain a demurrer *with leave to amend*, where the party failed to amend the allegations. "When a plaintiff elects not to amend the complaint, it is presumed that the complaint states as strong a case as is possible [citation]; and the judgment of dismissal must be affirmed if the unamended complaint is objectionable on any ground raised by the demurrer. [Citations.]" (*Otworth v. Southern Pac. Transportation Co.* (1985) 166 Cal.App.3d 452, 457.) Accordingly, in such an appeal, the reviewing court does not consider the possibility that any defects could be cured by amendment. (*Holcomb v. Wells Fargo Bank, N.A.* (2007) 155 Cal.App.4th 490, 495; *Ibarra v. California Coastal Com.* (1986) 182 Cal.App.3d 687, 692.) Here, such an appeal would have been an exercise in futility because plaintiff's ability to proceed in this matter depended on the possibility of amendment, since there is no dispute that the unamended complaint failed to allege any statutory basis for liability against the public entity defendants. For this reason, we agree with plaintiff and the trial court that the abandonment by his former counsel *did* result in the complete impairment or loss of plaintiff's ability to proceed with the case.

In conclusion, defendants have failed to demonstrate that the trial court's order granting of relief under section 473 constituted a clear abuse of its discretion. On the record before us, we are unable to say that the trial court exceeded its broad discretion in ruling that plaintiff's former counsel abandoned plaintiff and that relief was appropriate under section 473. As discussed above, these were reasonable conclusions for the trial court to reach on the factual record before it. In allowing plaintiff leave to file the second amended complaint, the trial court's order expressly permitted the validity of the

13.

allegations to be challenged by further pleading practice, if necessary. Our decision to affirm the trial court's section 473 ruling simply puts the parties back in that position.[5]

## DISPOSITION

The order of the trial court is affirmed. Costs on appeal are awarded to plaintiff.

_____

LEVY, Acting P.J.

WE CONCUR:

_____

DETJEN, J.

_____

FRANSON, J.

---

[5] The defendants do not argue on appeal that the second amended complaint fails to state a cause of action.

14.